## S95A0979. MAY et al. v. BRUESHABER.
(466 SE2d 196)

SEARS, Justice.

The appellants, Dale and Elmira May, are neighbors of the appellee, John Brueshaber. The Mays filed this action to enjoin Brueshaber from constructing two chicken houses on his property. At the close of the trial on the Mays's request for a permanent injunction, the trial court directed a verdict in favor of Brueshaber. The trial court later awarded Brueshaber expenses of litigation and attorney fees on the ground that the Mays's action lacked substantial justification as defined by OCGA § 9-15-14. The Mays appeal from both orders. Because we conclude that a factual question remains as to whether the Mays are entitled to injunctive relief, we reverse the grant of the directed verdict and the award of attorney fees and expenses of litigation.

"Where the consequence of a nuisance about to be erected or commenced will be irreparable damage and such consequence is not merely possible but to a reasonable degree certain, an injunction may be issued to restrain the nuisance before it is completed."[1] As for when a business may constitute a nuisance, this Court has stated that

> [a] thing that is lawful and proper in one locality may be a nuisance in another. In other words, a nuisance may consist merely of the right thing in the wrong place, regardless of

---

[1] OCGA § 41-2-4.

other circumstances. "If one do an act, of itself lawful, which, being done in a particular place, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act where it will not be injurious or offensive . . . To constitute a nuisance, it is not necessary that the noxious trade or business should endanger the health of the neighborhood. It is sufficient if it produces that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable."[2]

See also OCGA § 41-1-1.[3] In this case, the Mays presented evidence that the two chicken houses would each be 40 feet wide and 500 feet long; that each would house 30,000 chickens; that the chickens would consume 350,000 to 400,000 pounds of food every six weeks; that Brueshaber would have to construct a pit on his property to dispose of dead chickens; that one of the poultry houses would be within 250 feet of the Mays's home and 120 feet of their property; that Dale Mays had been near chicken houses similar to the ones that Brueshaber plans to build and that they had such an offensive odor that Brueshaber's houses would interfere with the use and enjoyment of the Mays's property. We conclude that the Mays presented sufficient evidence to create an issue of fact concerning whether the operation of two poultry houses close to their home would, with reasonable certainty, constitute a nuisance causing them irreparable harm.[4] The trial court thus erred in directing a verdict for Brueshaber and in awarding him attorney fees.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 20, 1995.

*R. Dale Perry*, for appellants.
*Whelchel, Dunlap & Gignilliat, Thomas S. Bishop*, for appellee.

---

[2] *Benton v. Pittard*, 197 Ga. 843, 845-846 (31 SE2d 6) (1944) (quoting *Coker v. Birge*, 9 Ga. 425, 428 (54 Am. D. 347) (1850)).

[3] OCGA § 41-1-1 provides that
[a] nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary, reasonable man.

[4] See generally *Benton*, 197 Ga. at 846-848 (petition seeking to enjoin construction of clinic for the treatment of venereal disease stated cause of action).