A02A1371. ERICKSON et al. v. HODGES.
(570 SE2d 420)

BLACKBURN, Chief Judge.

Paul and Brenda Erickson appeal the denial of their motion for summary judgment in this personal injury action premised on the Dram Shop Act, OCGA § 51-1-40. They contend that they are entitled to judgment as a matter of law because there is no evidence that they knowingly furnished alcoholic beverages to Brian Hammock while he was in a state of noticeable intoxication, and there was no evidence that they knew Hammock would soon be driving a car at any relevant time. The Ericksons argue that there is no genuine issue of material fact as to these matters and the trial court erred in denying their motion for summary judgment. For the reasons set forth below, we vacate the trial court's ruling and remand the matter for further action.

"[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*.[1] Viewed in this light, the record shows that, on the evening of January 23, 1999, the Ericksons held a birthday party for Mrs. Erickson at their home with an unattended open self-service bar located in the basement. Paul Erickson invited guests by mail and telephone, and about 50 to 60 guests were at the party.

In addition to the guests they invited, the Erickson's 23-year-old son, David, was allowed to extend invitations to his friends who were known by his parents. Arrangements were made for all of David's

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

guests to spend the night at the Ericksons' home. David invited approximately eight adult friends, including Scott Hammock. Sometime during the party, and without the knowledge or consent of David or the Ericksons, Scott paged his 21-year-old brother, Brian, and invited him to the party. Brian came to the party. David Erickson only saw him sitting in the garage at one point. He did not know where he had been prior to the party or what time he left the party. David did not see Brian drinking at the party. He does not recall talking to Brian at the party. Neither David nor the Ericksons were aware of the time Brian left the party or his condition at that time. Approximately one-half mile from the Ericksons' home, Brian's car collided with Hodges' car. Following this incident, Brian Hammock was charged with driving under the influence and pled guilty thereto. Hodges brought the action now before us, contending that the Ericksons are liable for his injuries under the Dram Shop Act.

The Dram Shop Act provides that the consumption of alcoholic beverages rather than the sale of, furnishing, or serving of such beverages is the proximate cause of any injury inflicted by an intoxicated person on another except under certain circumstances as set out in OCGA § 51-1-40 (b) which states:

> A person who . . . knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person when the sale, furnishing, or serving is the proximate cause of such injury or damage.

The trial court's responsibility in ruling on this summary judgment motion was to determine if, based on legal evidence having probative value, there is a genuine issue of fact as to whether: (1) the Ericksons furnished alcoholic beverages to Brian; (2) he was noticeably intoxicated at such time; and (3) the Ericksons knew Brian would soon be driving a motor vehicle.

On the issue of whether the Ericksons furnished alcoholic beverages to Brian, it is undisputed that they furnished alcohol to their party guests through an open bar. The Ericksons, however, contend that Brian was not their guest since neither they nor their son invited him to the party, and there is no evidence having probative value that Brian drank at the party. Further, in their deposition, the Ericksons stated that they would not have recognized Brian even if he had been at the party, and that they did not recall seeing anyone they did not know there. Brian was known to David, but was not invited by him. He did not request that Brian leave the party after he saw him there.

If there is at least a question of fact as to whether the Ericksons furnished alcoholic beverages to Brian, we move to the next issue to be resolved. That issue is whether Brian was in a state of noticeable intoxication at the time he was furnished alcoholic beverages. The undisputed testimony is that the Ericksons did not see Brian at the party, much less in a state of noticeable intoxication. David testified that Brian was not at the bar at the time he saw him, and he did not see him drinking. Hodges' sole evidence concerning Brian's conduct on the subject evening is provided by Brian's hearsay testimony at his deposition as to what he was told about the evening by his friends and his brother Scott. Brian had a closed-head injury in the collision and has no present memory of most of the events on the evening of the party. Although Brian stated that his brother told him that he was intoxicated, drank heavily at the party, and argued with him about staying overnight at the Ericksons, this hearsay evidence is inadmissible for the consideration of the motion for summary judgment and has no probative value. *Sherrill v. Stockel.*[2] A defendant may prevail at summary judgment under OCGA § 9-11-56

> by showing the court . . . that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

*Lau's Corp.*, supra at 491. The evidence that Brian entered a plea of guilty to the DUI charge does not, standing alone, satisfy Hodges' burden of proof or raise a question of fact as to the three necessary showings.

We note, however, that Hodges had been trying, without success, to depose Scott Hammock and discovery had been extended through October 23, 2001, and had not closed as of September 25, 2001, when the trial court issued its denial of the Ericksons' motion for summary judgment. Apparently Scott Hammock's deposition has now been taken, but it was not considered by the trial court and is not a part of the record before us. The ruling on the motion for summary judgment was premature, given pending discovery, and we therefore vacate same and remand the case to the trial court for further action, considering all evidence properly submitted.

*Judgment vacated and case remanded. Johnson, P. J., and Miller, J., concur.*

---

[2] *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001).

DECIDED AUGUST 22, 2002.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Maren R. Frost*, for appellants.

*Chambers, Aholt & Rickard, Ian R. Rapaport, Curtis A. Thurston, Jr., James E. Holmes*, for appellee.