## A02A1742. HEATH v. RUSH et al.
(578 SE2d 564)

Adams, Judge.

Rebecca Heath contends the trial court should not have granted summary judgment against her on her tort claim arising out of an automobile collision because the collision pushed her car over 100 feet, suggesting that James Rush was driving too fast under the circumstances. But because Heath has not presented admissible evidence regarding how far her car was pushed or a valid opinion regarding the speed of Rush's truck, summary judgment was proper.

In response to Rush's motion for summary judgment, Heath submitted an affidavit describing the collision as follows:

> On or about August 1, 1999, I was operating a motor vehicle approaching the intersection. . . . As I neared this intersection I noticed that the traffic control device was malfunctioning. After stopping and looking in both directions, and observing no traffic proceeding toward the intersection I cautiously entered the intersection. Immediately after entering the intersection my vehicle was struck by the tractor-trailer truck being operated by [Rush]. At the time of the collision the traffic control device facing [Rush] as he entered the intersection was flashing yellow and/or malfunctioning. The impact of the collision was such that my vehicle was thrown over a hundred feet from the point of impact.

She later admitted that the light facing her was flashing red.

But Heath's deposition testimony undercuts her case. When asked what she thought that Rush had done wrong, she said, "Truthfully speaking, I can't say exact, but I know he must have been speeding the way he carried my car up the street. . . . I wonder — I'm not sure. . . ." This, she said, was her "belief." She admitted that she did not know what color light Rush had and that she did not see the truck before it hit her. And she admitted that she did not know or even remember how far her car had been moved by the collision. Although a lay witness may express opinions regarding speed and stopping distance based upon personal observations, *Fouts v. Builders Transport*, 222 Ga. App. 568, 575 (6) (474 SE2d 746) (1996), Heath has admitted that she made no personal observations on which to base such an opinion. Instead, she was relying on a third person who allegedly measured the distance, and there is no sworn testimony in the record from that person. As such, that testimony is hearsay and has no probative value even on a motion for summary judgment. *Erickson v. Hodges*, 257 Ga. App. 144, 146 (570 SE2d 420) (2002). Moreover, neither Heath nor anyone else has actually esti-

mated Rush's speed at the time of the collision nor offered an opinion that he was proceeding in excess of that allowed by law.

"Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). Heath's mere belief that Rush was speeding based solely on hearsay testimony about how far her car was moved by the impact is insufficient to raise an issue of fact about Rush's alleged negligence. Heath has cited no other evidence to support her claims. Accordingly, summary judgment was proper.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 26, 2003.

*Martin L. Fierman*, for appellant.

*Finley & Buckley, Jerald R. Hanks, Kathleen M. Hurley*, for appellees.