S05G0238. TERRELL et al. v. PAYNE et al.
(622 SE2d 330)

HUNSTEIN, Presiding Justice.

The Court of Appeals reversed the trial court's denial of a permanent injunction sought on nuisance grounds by appellees, various members of the Payne family, to restrain the construction of four chicken houses that their neighbors, appellants Louise and William Terrell, proposed to construct on their property. *Payne v. Terrell*, 269 Ga. App. 540 (604 SE2d 551) (2004). The facts of the case are set forth at length in the Court of Appeals' opinion and need not be repeated here. In assessing the trial court's ruling that the evidence did not show to a reasonable degree of certainty that appellants' proposed chicken houses would constitute a nuisance, the Court of Appeals correctly recognized there was some evidence, albeit conflicting, to support the trial court's factual findings. Id. at 543 (1). However, in determining that the trial court erred as a matter of law under the criteria set forth in *May v. Brueshaber*, 265 Ga. 889 (466 SE2d 196) (1995) by rejecting appellees' nuisance claim, the Court of Appeals relied on selectively-chosen evidentiary items included in the fact portion of the trial court's order to reach its conclusion.

We conclude that the Court of Appeals erred when it chose to rely on the selected evidentiary items. Despite the manner in which the order designated these items, it is clear from reading the trial court's *entire* order that the items summarized in the fact portion of the order did not constitute the actual findings of fact by the trial judge. That portion of the trial court's order was more a summary of the testimony provided at the hearing than formal "findings of fact" by the trial judge.

"A reviewing court should not interpret an opinion in such a way as to make it internally inconsistent and it is unlikely that the trial

court would make conflicting findings of fact." *Tate v. State*, 264 Ga. 53, 55 (2) (440 SE2d 646) (1994). In its conclusions of law the trial court clearly determined that the evidence failed to show to a reasonable degree of certainty that the proposed chicken houses would create a nuisance for appellees given the locality and character of the community, the insufficient duration of any unpleasant and irritating experiences created by the chicken houses and the lack of any legal depreciation to appellees' properties or any hindrance to their enjoyment of their properties. The trial court applied the proper standard for injunctive relief to restrain a nuisance that has not yet been erected. OCGA § 41-2-4. See *May*, supra at 890. It is not necessary to address whether the conflicting evidence referenced in the trial court's order and singled out by the Court of Appeals would be sufficient to support that court's contrary holding because the trial court's order contains sufficient factual findings to support the denial of the permanent injunction sought by appellees. It follows that the Court of Appeals erred by reversing and remanding the case for further proceedings.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Stewart, Melvin & Frost, J. Douglas Stewart,* for appellants.
*Jonathan L. Schwartz, Donald D. J. Stack, Rodger E. Davison,* for appellees.
*Troutman Sanders, Gregory W. Blount, Douglas A. Henderson, William M. Droze, Kilpatrick Stockton, Susan H. Richardson, Mary Doolan Asbill, Balch & Bingham, Hugh B. McNatt, J. Tom Morgan,* amici curiae.