**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 23, 2023**

# In the Court of Appeals of Georgia

A23A1076. HATCHETT v. McCAIN PROPERTY CARE, LLC.

MCFADDEN, Presiding Judge.

Benjamin Hatchett filed a complaint against McCain Property Care, LLC, alleging that McCain was liable for injuries that Hatchett sustained after falling through a porch railing that McCain had negligently constructed, maintained, and inspected. McCain moved for summary judgment, asserting that there was no evidence that it had ever constructed, maintained, or inspected the porch railing. After a hearing, the trial court granted the motion, finding that Hatchett had provided no evidence that McCain was responsible for the condition of the railing. Hatchett appeals, challenging the grant of summary judgment to McCain. Because the record shows that there are no genuine issues of material fact and that McCain was entitled to judgment as a matter of law, we affirm.

1. *Review of the evidence.*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *McRae v. Hogan*, 317 Ga. App. 813, 815 (1) (732 SE2d 853) (2012) (citation omitted).

So viewed, the evidence shows that Hatchett lived in the first floor apartment of a two-story rental house in Columbus, Georgia. On January 8, 2015, the company that managed the rental property inspected the house and determined, among other things, that railings on the second-floor porch were intact because they did not move when shaken by hand, but that several porch floor boards were rotten and needed to be replaced. On January 22, 2015, McCain, whom the property management company used for repairs at the house, replaced seven or eight floor boards on the porch and painted some of those new boards.

Approximately four months later, on May 17, 2015, Hatchett was visiting friends in the upstairs apartment when he entered the porch area and began to sit on a cooler near a railing. As he did so, the cooler slipped from under him and he fell against the porch railing. The railing gave way and Hatchett fell approximately 16

feet to the ground below, injuring his legs and back. A subsequent inspection revealed that the railing, which was wedged between two porch columns, had not been secured with screws or bolts to the columns.

2. *Defense motion for summary judgment.*

A defendant moving for summary judgment may show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law

> by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

McCain has pointed to the absence of evidence supporting the essential negligence elements of duty and a breach of that duty because, contrary to Hatchett's claims, there is no evidence that McCain ever worked on the porch railing. See *Nash v. Reed*, 349 Ga. App. 381, 385 (3) (825 SE2d 853) (2019) ("To prove negligence, a

3

plaintiff must establish four elements: *duty, breach of that duty*, causation, and damages.") (emphasis supplied). In addition to the absence of evidence, McCain has also pointed to evidence showing that it never worked on the porch railing. McCain cites testimony from the representative of the property management company indicating that McCain did not construct, work on, or inspect the railing. And a McCain worker further deposed that when the floor boards were replaced, the porch railing was not removed or otherwise worked on; rather, the damaged boards were simply pulled out, new boards were slid into place, and those boards were then secured with a nail gun.

Because McCain has negated essential elements of Hatchett's negligence claim by reference to the record, Hatchett "must point to specific evidence giving rise to a triable issue in order to survive summary judgment." *Hutchins v. Cochran, Cherry, Givens, Smith & Sistrunk*, 332 Ga. App. 139, 141 (770 SE2d 668) (2015) (citation and punctuation omitted). In attempting to do so, Hatchett claims that there is circumstantial evidence showing that McCain removed the porch railing when it replaced the damaged floor boards. See *Callaway v. Quinn*, 347 Ga. App. 325, 327-328 (1) (819 SE2d 493) (2018) (circumstantial evidence may be sufficient for a plaintiff's claim to survive summary judgment if other theories are shown to be less

4

probable). But the circumstantial evidence cited by Hatchett permits mere speculation and does not demonstrate a genuine issue of material fact. See *Head v. de Souse*, 353 Ga. App. 309, 313 (1) (836 SE2d 227) (2019) ("summary judgment cannot be avoided based on mere speculation or conjecture") (citation and punctuation omitted).

Hatchett cites the deposition of the owner of the rental house, who said that he thought it would have been hard to replace the floor boards without removing the railing; but he admitted that he was merely speculating since he had no knowledge about the work actually done by McCain. Although this evidence creates an issue as to whether it was difficult for McCain to have replaced the boards without removing the railing, it would permit only speculation as to whether McCain actually removed the railing. Such "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." *Hill v. Jackson*, 336 Ga. App. 679, 681 (783 SE2d 719) (2016) (citation and punctuation omitted).

Hatchett also claims that McCain's replacement of the floor boards in January 2015, a few days after the property management company had determined that the railing was secure by shaking it, was the only work done on the porch before May 2015, when Hatchett fell against the railing that was later found to have been

5

unattached to the porch columns. Such circumstances permit an inference that the railing became less secure during that four-month period between January and May 2015. But additional inferences that it became less secure during that period because McCain in fact removed it and then put it back in place without securing it would constitute mere speculation. Indeed, there is no evidence "as to how long the [railing had] existed in that [unattached] condition." *City of Atlanta v. Dale*, 353 Ga. App. 817, 819 (2) (840 SE2d 56) (2020). The deponent who testified that the management company shook the railing explained that the company's belief that it was intact was only a lay opinion and that the company would not have inspected the ends of the railing to determine if it was actually affixed to the porch structure. Hatchett's own expert offered no opinion as to whether the railing had ever been attached properly to the porch, stating by affidavit only that the railing had been wedged between the columns and was not fastened with screws or bolts. Hatchett has failed to cite any "additional evidence to contextualize or lend support to [his speculative] arguments regarding [McCain being responsible for] the condition of the [railing]." Id. (citation and punctuation omitted). Since Hatchett relies on evidence that "is insufficient to raise an issue of fact about [McCain's] alleged negligence . . . , summary judgment was proper." *Heath v. Rush*, 259 Ga. App. 887, 888 (578 SE2d 564) (2003).

6

3. *Trial court's order.*

Hatchett argues that the trial court committed reversible error by applying the wrong legal standard and conflating speculative evidence with circumstantial evidence in its summary judgment order. We disagree.

(a) *Legal standard.*

Contrary to Hatchett's assertion, the trial court did not apply the wrong legal standard. In its order, the court expressly recited and applied the same settled standards for summary judgment as set forth in this opinion. See *Cowart*, supra ("standards for reviewing summary judgments are settled"). It is true, as Hatchett notes, that the trial court stated that Hatchett had "provided no concrete evidence that [McCain] was responsible for the condition of the railing which caused his injuries." But this statement did not, as Hatchett claims, improperly shift the burden of proof to Hatchett as the non-movant. Rather, the trial court was simply engaging in the proper analysis, as discussed above, that after McCain negated essential elements of Hatchett's claim by reference to the record, Hatchett was then required to cite specific evidence showing a genuine issue of material fact. The trial court's use of the phrase "concrete evidence," while not precise, did not impose a heightened burden on Hatchett when considered in the context of the entire order. It is clear that the trial

7

court's phrasing was merely part of its correct finding that Hatchett had failed to meet his burden of pointing to specific evidence in the record that created a triable issue. See *Terrell v. Payne*, 280 Ga. 51, 51-52 (622 SE2d 330) (2005) (reviewing court should not interpret trial court order in such a way to make it internally inconsistent).

(b) *Conflating speculative and circumstantial evidence.*

The trial court also did not commit reversible error by purportedly conflating speculative and circumstantial evidence. Again, considering the entire order, it is apparent that the court properly found that the circumstantial evidence cited by Hatchett was insufficient to survive summary judgment because it allowed only speculation and conjecture, but did not demonstrate a genuine issue of material fact.

*Judgment affirmed. Brown and Markle, JJ., concur*.