## 50433. ROSE, SILVERMAN & HUNT v. BEN O'CALLAGHAN COMPANY.

WEBB, Judge.

Ben O'Callaghan Company brought suit on a
promissory note in the Civil Court of Fulton County
against Security Development & Investment Company.[1]
Pursuant to Code Ann. § 46-101, entitling plaintiff to
the process of garnishment where suit is pending,
O'Callaghan filed in conjunction with its pending suit an
affidavit and bond for garnishment which was served
upon Rose, Silverman & Hunt, a law partnership.
Pursuant to Code Ann. § 46-102, O'Callaghan's affidavit
was made before the deputy clerk of the Fulton Civ-
il Court and recited that "Security Development &
Investment Company, defendant, is indebted to said
plaintiff in the sum of $36,500.00 principal, $1,370.00
interest, $5,680.50 attorney's fees, and $19.50 court cost
and that said plaintiff has a suit pending in suit no.
310883 at the——— Term, 1970 of the Civil Court of
Fulton County, and that affiant has reason to apprehend
the loss of said sum or some part thereof unless process of
garnishment issues."

---

[1] This proceeding has been before us twice before.
*Security Development &c. Co. v. Ben O'Callaghan Co.,* 125
Ga. App. 526 (188 SE2d 238); *Ben O'Callaghan Co. v.
Rose, Silverman & Hunt,* 131 Ga. App. 29 (205 SE2d 45).

Rose, Silverman & Hunt, garnishee, answered that it was not indebted to Security Development and had none of its property or effects. O'Callaghan traversed this answer, and subsequently both O'Callaghan and the garnishee moved for summary judgment. O'Callaghan's motion was granted and garnishee's motion was denied, and garnishee appeals from both judgments with a certificate for immediate review. *Held:*

Some two months after the judgments complained of were entered, the United States Supreme Court, in reversing *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 231 Ga. 260 (201 SE2d 321), struck down as unconstitutional the pre-judgment garnishment statutes and procedures utilized here. North Georgia Finishing, Inc. v. Di-Chem, Inc., 43 U. S. L. Week 4192 (U. S. Jan. 22, 1975), conformed to *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* supra. We must therefore hold this garnishment proceeding, which was instituted prior to final judgment in the main action, void and of no effect, and we reverse both judgments with direction that final judgment be entered in favor of the garnishee, Rose, Silverman & Hunt.

*Judgments reversed with direction. Bell, C. J., and Marshall, J., concur.*

ARGUED MARCH 4, 1975 — DECIDED APRIL 11, 1975 — REHEARING DENIED APRIL 28, 1975.

*Rose & Stern, George S. Stern, Benjamin Landey,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Winston H. Morriss,* for appellee.