### 53542. SHEPHERD v. SHEPHERD.

MCMURRAY, Judge.

This is an appeal by the defendant from final judgments in a garnishment proceeding against two garnishees in which the findings of fact were that the garnishees were indebted to the defendant in certain amounts, which amounts were subject to garnishment; and the plaintiff having traversed the answers, he was entitled to attorney fees for the filing and prosecution of same. The court held the answer of the defendant was

insufficient in law and awarded the above sums to the plaintiff to be paid by the garnishees. The defendant appeals. *Held:*

1. The clerk of the lower court forwarded the appeal (record and transcript) to the Supreme Court on December 3, 1976. A motion to dismiss the appeal in the lower court was filed by the plaintiff on December 6, 1976. On December 8, 1976, the case was docketed in the Supreme Court of Georgia (thereafter transferred to this court). However, since it was transmitted to the Supreme Court on December 3, 1976, the motion to dismiss the appeal in the lower court came too late. The appellee is deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript of the evidence and proceedings or transmission of the evidence to this court unless objection thereto was made and ruled upon in the trial court prior to the transmittal. See Rule 11 (c) (Code Ann. § 24-3611). The motion to recommit the appeal to the trial court is denied.

2. The initial process in the instant case was issued out of the State Court of DeKalb County and returnable to the Superior Court of DeKalb County in March, 1976. In *Coursin v. Harper,* 236 Ga. 729, 733 (225 SE2d 428), the Supreme Court held that Georgia's procedure for prejudgment and postjudgment garnishment as it existed prior to July 1, 1975, failed to provide due process and was unconstitutional. Thereafter, the garnishment law was rewritten (see Ga. L. 1975, pp. 1291, 1297; 1976, pp. 1608, 1629). At page 1629 the 1976 Act specifically declared the new law applied "to all garnishment cases pending on the date of its adoption [April 7, 1976]." But in *City Finance Co. v. Winston,* 238 Ga. 10, 11 (231 SE2d 45), the Supreme Court again declared the amendment as to postjudgment garnishment procedure as set forth in the 1976 Act (Code Ann. §§ 46-102 and 46-103; Ga. L. 1976, pp. 1608, 1609-1610) to be unconstitutional. See also *Weems v. Sterchi Brothers Stores,* 238 Ga. 77 (231 SE2d 48).

We must therefore hold the garnishment proceeding now on appeal to be void and of no effect. See *Rose, Silverman & Hunt v. Ben O'Callaghan Co.,* 134 Ga. App. 648 (215 SE2d 515); *Stauffer Chemical Co. v. Pop's Top*

*Shop,* 140 Ga. App. 620 (231 SE2d 546). But unlike the above cases, one of which was reversed with direction and the other affirmed, we merely dismiss the appeal inasmuch as the garnishees are not the appellants and we cannot direct judgment in their favor.

*Appeal dismissed. Bell, C. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 28, 1977 — DECIDED APRIL 6, 1977.

*B. J. Smith, M. J. Keane,* for appellant.
*Glenville Haldi, William H. Whaley,* for appellee.