A96A0388. SHIPLEY v. HANDICAPS MOBILITY SYSTEMS, INC.
(473 SE2d 533)

McMURRAY, Presiding Judge.

Susean Shipley, a paraplegic, filed an action against Handicaps

Mobility Systems, Inc. (defendant) for losses she allegedly sustained when defendant's agents failed to provide her with adequate advice, products and services during Shipley's endeavor to acquire a van equipped to accommodate her particular physical disabilities. Shipley's complaint alleged damages for breach of contract and negligence, including requests for punitive damages and attorney fees. Defendant denied the material allegations of the complaint and later filed a motion for summary judgment with supporting affidavits. Shipley responded with a motion for sanctions and to compel depositions from two persons employed as defendant's principal agents at the times of the alleged wrongdoing, both who gave affidavits in support of defendant's motion for summary judgment. Shipley alleged that defendant ignored several discovery requests and failed to respond to her notices to take these witnesses' depositions.

In a single order, the trial court granted Shipley's motion for sanctions and to compel discovery, denied summary judgment as to Shipley's claims for breach of contract and attorney fees, and granted summary judgment as to Shipley's claims based on ordinary negligence and for punitive damages. This appeal, filed pursuant to OCGA § 9-11-56 (h), is from that part of the trial court's order granting partial summary judgment as to Shipley's claims based on ordinary negligence and for punitive damages. *Held*:

Shipley contends the trial court erred in granting summary judgment before she was able to question the two key defense witnesses who avoided her discovery attempts and filed affidavits in support of defendant's motion for summary judgment. We agree.

The depositions Shipley had to compel were from persons directly associated with defendant's operations at the times of the alleged wrongdoing. Although these witnesses gave affidavits in support of defendant's motion for summary judgment, Shipley never had opportunities to cross-examine them before the trial court entered partial summary judgment in favor of defendant on Shipley's tort claims. This judgment deprived Shipley of an opportunity to develop proof which may well give rise to triable issues of fact as to Shipley's claims based on ordinary negligence and for punitive damages. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). It is simply too soon to tell. And to say otherwise not only ignores that Shipley, as the non-moving party on summary judgment, is entitled to all favorable inferences and reasonable doubts which may arise from a fully developed record, *Padgett v. M & M Super Market*, 195 Ga. App. 799, 800 (395 SE2d 245), but also overlooks the rule that, when a party fails to produce evidence, the charge or claim against the party is presumed to be well founded. OCGA § 24-4-22. See *Dunaway v. Parker*, 215 Ga. App. 841, 850 (5) (453 SE2d 43). Under the peculiar circumstances of the case sub judice, we find that the trial court pre-

maturely ruled on defendant's motion for summary judgment and direct that any such ruling wait until after Shipley's right to discovery is complete. Accordingly, the judgment granting partial summary judgment in favor of defendant is hereby reversed.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 19, 1996 —
RECONSIDERATION DENIED JULY 8, 1996.

*William H. Arroyo*, for appellant.

*Mottern & Van Gelderen, Leon A. Van Gelderen*, for appellee.