**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2015**

# In the Court of Appeals of Georgia

A15A0311. CHANDLER et al. v. LIBERTY MUTUAL FIRE
INSURANCE COMPANY.

MILLER, Judge.

Collie Chandler and Sharon Milbry-Chandler, along with their daughter
(collectively, "the Chandlers"), were injured in an automobile accident after their car
was struck by another driver, Evans Johnson III, who was insured by Liberty Mutual
Fire Insurance Company ("Liberty Mutual"). After the Chandlers settled their claims
against Johnson, Liberty Mutual, who was also their insurer, denied their claims
under Milbry-Chandler's uninsured motorist policy ("the UM policy"). The Chandlers
then filed suit against Liberty Mutual for breach of contract and bad faith based on
its denial of their UM claims. During discovery, Liberty Mutual refused to produce
certain relevant documents relating to the settlement of other claims under Johnson's

liability policy. After the Chandlers subpoenaed those documents, the trial court ordered Liberty Mutual to produce them for an in camera inspection. After reviewing the documents in camera, the trial court denied the Chandlers' request to produce and then granted summary judgment to Liberty Mutual on the ground that the Chandlers failed to exhaust the limits of Johnson's liability policy. The Chandlers appeal, contending that the trial court erred: (1) in refusing to order Liberty Mutual to produce the documents in question, and (2) in granting summary judgment to Liberty Mutual. For the reasons that follow, we agree and reverse.[1]

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

---

[1] After the clerk of the superior court transmitted the record on appeal, Liberty Mutual filed a motion to dismiss the Chandlers' appeal on the ground that they had failed to file the transcript within 30 days of filing their notice of appeal (OCGA §§ 5-6-42; 5-6-48). Since the motion to dismiss the appeal was filed at the trial court after the record was transmitted to the Court of Appeals, and no objection was made prior to transmittal, Liberty Mutual's motion to dismiss is denied. See Court of Appeals Rule 20; *Shepherd v. Shepherd*, 141 Ga. App. 855, 856 (1) (234 SE2d 689) (1977) (party waives failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript unless objection is made and ruled upon by the trial court prior to transmittal).

(Citations and punctuation omitted.) *Campbell v. The Landings Assn., Inc.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the evidence shows that on April 5, 2010, Collie Chandler was driving north on Forest Parkway. With Chandler in the car were Milbry-Chandler, their daughter, and his brother. Chandler proceeded through a green light and was hit from the side by a vehicle driven by Johnson.[2] The Chandlers and Chandler's brother were injured in the accident and the Chandlers' vehicle was damaged. Attorney Paula McGill represents the Chandlers, and she initially represented Chandler's brother as well, although Chandler's brother retained other counsel in 2010.

The limits of Johnson's liability policy with Liberty Mutual were $25,000 per person and $50,000 per accident for bodily injury claims. Milbry-Chandler's UM policy, also provided by Liberty Mutual, had coverage of $100,000 per person and $300,000 per accident. During settlement negotiations, Liberty Mutual informed McGill that any damages that were not covered by the liability policy would be paid under the UM policy.

On March 24, 2011, McGill sent a demand letter to Liberty Mutual on behalf of the Chandlers. Under Johnson's liability policy, the Chandlers demanded $15,250

---

[2] Johnson was later convicted of driving under the influence.

to settle Collie Chandler's claim; $13,250 to settle Milbry-Chandler's claim; and $9,000 to settle their daughter's claim. In the same letter, the Chandlers sought to settle their remaining claims under the UM policy for $241,000.

On April 15, 2011, Liberty Mutual accepted the Chandlers' demands under Johnson's liability policy and issued checks to the Chandlers in the total amount of $37,500. McGill held the Chandlers' settlement checks for several months while awaiting confirmation that Chandler's brother had also settled under the liability policy. After Liberty Mutual advised her that the limits of Johnson's liability policy had been exhausted, McGill deposited the settlement checks on June 22, 2011.[3]

Thereafter, the Chandlers sought to recover under the UM policy, but Liberty Mutual would not proceed because it contended that the limits of Johnson's liability policy had not been exhausted. The Chandlers then filed the instant lawsuit, alleging that Liberty Mutual waived the requirement of exhaustion of the limits of the liability policy by promising to pay the claims under the UM policy or, in the alternative, that Liberty Mutual purposely misled the Chandlers as to their intent to pay the UM claims.

---

[3] In endorsing the checks, McGill wrote that the Chandlers were not waiving their right to recover under their UM policy.

4

During the discovery period, the Chandlers requested that Liberty Mutual disclose any documents in its possession relating to the settlement negotiations between Liberty Mutual and Chandler's brother. Liberty Mutual objected to the request, arguing that the documents were neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Chandlers then served Liberty Mutual with subpoenas to produce all documents relating to settlement negotiations with Chandler's brother, as well as a designee to testify to the date and amount of any settlement. Liberty Mutual filed an emergency motion to quash the subpoenas.

Following a hearing on the emergency motion, the trial court ordered Liberty Mutual to disclose all documents related to any settlement between Liberty Mutual and Chandler's brother for in camera review so that the trial court could determine if the limits of Johnson's liability policy had been exhausted. Liberty Mutual produced the file on Chandler's brother's claim. Upon review, the trial court found that nothing in the file was "discoverable" and denied the Chandlers' request to produce. This appeal followed.

1. Under the Civil Practice Act, all relevant documents must be produced pursuant to a valid discovery request. In several related arguments, the Chandlers

5

contend that the trial court erred in finding that Liberty Mutual's claim file was not discoverable. We agree.

We review a trial court's rulings on discovery matters for abuse of discretion. See *R. J. Reynolds Tobacco Co. v. Fischer*, 207 Ga. App. 292, 293-294 (2) (427 SE2d 810) (1993).

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]

OCGA § 9-11-26 (b) (1). Relevance should be interpreted "very broadly to mean [any] matter that is relevant to anything that is or may become an issue in the litigation." (Citation and punctuation omitted). *Bowden v. The Medical Center, Inc.*, __ Ga. __, (Case No. S14G1632, decided June 15, 2015) at *11 (2) (a). "[T]he discovery procedure is to be construed liberally in favor of supplying a party with the facts." (Citation omitted.) *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 210 (2) (538 SE2d 441) (2000). "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Citation omitted.) *Bowden*, supra, at * 10 (2) (a).

6

The Chandlers timely requested production of the file within the discovery period. This should have resolved the matter. The trial court instead undertook an in camera review. In doing so, the trial court was required to determine whether any of the documents contained in the claim file were relevant to anything that is or may become an issue in the instant litigation.

Generally, plaintiffs may pursue UM claims only after an insurer offers and the plaintiffs accept an amount equal to the limits stated in the liability policy and the plaintiffs execute a limited release in accordance with OCGA § 33-24-41.1. See *Thompson v. Allstate Ins. Co.*, 285 Ga. 24, 26 (1) (673 SE2d 227) (2009); *Holland v. Cotton States Mut. Ins. Co.*, 285 Ga. App. 365, 366 (646 SE2d 477) (2007). The insurer, however, can also waive conditions precedent to recovery where the insurer has led the insured to believe that it will pay the claims, either through the insurer's actions during settlement negotiations or by direct promises to pay. See *Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66, 69 (1) (b) (363 SE2d 303) (1987). Moreover, an insurer may not, in bad faith, refuse to pay a covered uninsured motorist claim. See OCGA § 33-7-11 (j).

As set forth above, we must construe the discovery procedure liberally in favor of supplying the Chandlers with the facts. See *Tenet Healthcare*, supra, 273 Ga. at

7

201 (2). It appears that the trial court, in reviewing Chandler's brother's insurance file, took a narrow view of relevance and concluded that, since there were no documents showing exhaustion of the limits of the liability policy, the file was not discoverable. The fact that none of the documents in Chandler's brother's claim file show exhaustion does not mean that the file is not relevant to the Chandlers' claims, particularly in the broad discovery sense.

The Chandlers asserted alternate theories in support of their claims for breach of contract and bad faith: either Liberty Mutual promised to pay the UM claims regardless of exhaustion or Liberty Mutual misled the Chandlers by representing that the limits of liability had been exhausted. Moreover, McGill averred that Liberty Mutual promised to pay any damages not covered by Johnson's liability policy. Our review of the file shows that it contains evidence that in May 2011, before McGill deposited the checks settling the Chandlers' claims under the liability policy, Liberty Mutual considered Chandler's brother's claim settled for an amount sufficient to exhaust the limits of Johnson's liability policy. This evidence corroborates the Chandlers' claims that Liberty Mutual informed McGill that the limits of Johnson's liability policy had been exhausted and the Chandlers would be able to recover under the UM policy. See *Jones*, supra, 185 Ga. App. at 69 (1) (b) (question of fact existed

8

as to whether UM insurer waived condition precedent that insured first obtain judgment against uninsured driver); see also *U. S. Fidelity & Guaranty Co. v. Lockhart*, 124 Ga. App. 810, 811-812 (2) (186 SE2d 362) (1971), aff'd, 229 Ga. 292 (191 SE2d 59) (1972) (affirming denial of summary judgment to insurer where there was evidence that insurer told insured that he would not have to file suit and thus may have waived condition precedent).

The insurance file appears reasonably calculated to lead to the discovery of admissible evidence regarding representations made by Liberty Mutual to McGill, which could raise a genuine issue of material fact as to whether Liberty Mutual waived the exhaustion requirement or negotiated in bad faith. Accordingly, the trial court abused its discretion when it ruled that the Chandlers were not entitled to discovery of Chandler's brother's insurance file and denied the Chandlers' request to produce.

2. The Chandlers also contend that the trial court erred in granting summary judgment to Liberty Mutual because genuine issues of material fact exist as to the timing and amount of Chandler's brother's settlement.

On appeal, we need not determine whether Liberty Mutual committed breach of contract or acted in bad faith in denying the Chandlers' claims under the UM

9

policy. The trial court's discovery order, which in effect denied the Chandlers' request to produce, deprived the Chandlers of their right to discover relevant evidence and "of an opportunity to develop proof which may well give rise to triable issues of fact" as to their claims for bad faith and breach of contract. (Citation omitted.) *Shipley v. Handicaps Mobility Sys., Inc.*, 222 Ga. App. 101, 102 (473 SE2d 533) (1996). Accordingly, the trial court's grant of summary judgment to Liberty Mutual was premature. See *Erickson v. Hodges*, 257 Ga. App. 144, 146 (570 SE2d 420) (2002) (grant of summary judgment premature where party has not been able to obtain discovery); see also *Dodson v. Sykes Indus. Holdings, LLC*, 324 Ga. App. 871, 876 (1) (752 SE2d 45) (2013) (trial court should not grant summary judgment while a motion to compel discovery is pending "unless it can be determined that the disallowed discovery would add nothing of substance to the party's claim"). Here, the disallowed discovery would have added substance to the Chandlers' claims and, had the relevant discovery been produced, the parties might have been able to resolve the case. We therefore vacate the grant of summary judgment to Liberty Mutual and remand the case to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J. and McFadden, J. concur. Ellington, P. J., concurs in judgment only. Andrews, P. J., Dillard, and Branch, JJ., dissent.*

10

A15A0311. CHANDLER et al. v. LIBERTY MUTUAL FIRE

    INSURANCE COMPANY.


DILLARD, Judge, dissenting.

Having carefully examined the documents inspected by the trial court *in camera*, it is evident that their production to the plaintiffs would not have created a genuine issue of material fact as to whether "either Liberty Mutual promised to pay the UM claims regardless of exhaustion or . . . misled the Chandlers by representing that the limits of liability had been exhausted." Moreover, there was nothing included in these documents that appears "reasonably calculated to lead to the discovery of admissible evidence."[1] Thus, even when these documents and the McGill affidavit are construed in the light most favorable to the plaintiffs, there is simply no evidence that

---

[1] *Tyson v. Old Dominion Freight Line, Inc.*, 270 Ga. App. 897, 900 (1) (b) (608 SE2d 266) (2004) (punctuation omitted).

Liberty Mutual made any representations of the nature alleged by plaintiffs.[2] The trial court did not err, then, in granting Liberty Mutual summary judgment on plaintiffs' claims.[3]

I am authorized to state that Presiding Judge Andrews and Judge Branch join in this dissent.

---

[2] *See Garden City v. Herrera*, 329 Ga. App. 756 (766 SE2d 150) (2014) (noting that summary judgment is appropriate when that "the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case" (punctuation omitted)).

[3] *See Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66, 69 (1) (b) (363 SE2d 303) (1987) (explaining that insurance "provisions and conditions precedent to recovery upon the policy are waived where the insurer has *led the insured to believe* that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay" (punctuation omitted) (emphasis supplied)).

2