DILLARD, Judge,
dissenting.
Having carefully examined the documents inspected by the trial court in camera, it is evident that their production to the plaintiffs would not have created a genuine issue of material fact as to whether “either Liberty Mutual promised to pay the UM claims regardless of exhaustion or . . . misled the Chandlers by representing that the limits of liability had been exhausted.” Moreover, there was nothing included in these documents that appears “reasonably calculated to lead to the discovery of admissible evidence.”[4] Thus, even when these documents and the McGill affidavit are construed in the light most favorable to the plaintiffs, there is simply no evidence that Liberty Mutual made any representations of the nature alleged by plaintiffs.[5] The trial court did not err, then, in granting Liberty Mutual summary judgment on plaintiffs’ claims.[6]
I am authorized to state that Presiding Judge Andrews and Judge Branch join in this dissent.
*601 Isenberg & Hewitt, Brent J. Kaplan, Hilary W. Hunter, for appellee.

 Tyson v. Old Dominion Freight Line, Inc., 270 Ga. App. 897, 900 (1) (b) (608 SE2d 266) (2004) (punctuation omitted).

 See Garden City v. Herrera, 329 Ga. App. 756, 758 (766 SE2d 150) (2014) (noting that summary judgment is appropriate when “the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff’s case” (punctuation omitted)).

 See Jones v. Cotton States Mut. Ins. Co., 185 Ga. App. 66, 69 (1) (b) (363 SE2d 303) (1987) (explaining that insurance “provisions and conditions precedent to recovery upon the policy are waived where the insurer has led the insured to believe that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay” (punctuation omitted; emphasis supplied)).